# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1986

_____

| | | |
|---|---|---|
| Kanarith Yann, | * | |
| | * | |
| Petitioner, | * | Petition for Review of |
| | * | a Decision of the Board of |
| v. | * | Immigration Appeals. |
| | * | |
| Michael Mukasey, Attorney General, | * | [UNPUBLISHED] |
| | * | |
| Respondent. | * | |

_____

Submitted: March 13, 2008
Filed: March 20, 2008

_____

Before BYE, SMITH, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Kanarith Yann, a native and citizen of Cambodia, seeks review of a final order of removal issued by the Board of Immigration Appeals (BIA), which affirmed without opinion an Immigration Judge's (IJ's) decision denying his applications for asylum, withholding of removal, and protection under the regulations implementing the Convention Against Torture (CAT). After careful review, we deny Yann's petition.

# I

Yann contends he is entitled to asylum and related relief because of a well founded fear he will be persecuted in Cambodia due to his membership in an opposition political party, the Sam Rainsy Party (SRP). Yann alleges the death threats of a police officer in Cambodia, from whom he narrowly escaped capture, forced him into hiding for fourteen months and eventually caused him to seek refuge in the United States. Yann claims this particular police officer, Nget Touch, continues to search for him at the homes of friends and family in Cambodia.

The IJ did not find credible Yann's account of his experiences in Cambodia, noting several omissions, material inconsistencies, and unexplained discrepancies between his oral testimony and his amended asylum application. The IJ found implausible Yann's claim that Officer Touch sought to kill him, noting inconsistent testimony regarding: the location from which Yann escaped, the means of his escape, the location to which he fled after his escape, whether some or all of his companions escaped, and whether he met up with any of his companions after the escape.

Because Yann's credibility was at issue, the IJ required corroborating evidence. See Kondakova v. Ashcroft, 383 F.3d 792, 796 (8th Cir. 2004) (stating where an alien is found not credible, his failure to provide corroborating evidence can be fatal). Yann submitted a SRP membership card, which was issued nine months after the persecution allegedly began, and also a letter from the SRP confirming Yann's status as an active party member living at a Cambodian address. The SRP letter was dated October 25, 2004, two and a half years after Yann moved to the United States. Yann also submitted a letter from a Cambodian friend, who wrote police officers had come to his house looking for Yann. The IJ did not find the documents Yann submitted to be adequate corroboration.

Having found Yann's testimony of past persecution not credible, the IJ reasonably determined Yann failed to establish a clear probability of future persecution. The IJ expressly denied all forms of relief based on the general conclusion that Yann's testimony was not credible and his story was unbelievable. See, e.g., Fofanah v. Gonzales, 447 F.3d 1037, 1040 (8th Cir. 2006) (holding where withholding of removal and CAT claims were based on the same discredited testimony, the BIA properly concluded the adverse credibility finding was fatal to all claims). The BIA affirmed without opinion.

## II

Generally, we review the BIA's decision as the final agency determination. See INA § 242(a)(1), 8 U.S.C. § 1252(a)(1). Where the BIA affirms an IJ's decision without issuing its own opinion, we review the IJ's decision directly. Habtemicael v. Ashcroft, 370 F.3d 774, 779 (8th Cir. 2004).

Yann challenges the IJ's adverse credibility determination. A credibility determination is a finding of fact, and § 1252(b)(4)(B) provides it should be accepted "unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); see Singh v. Gonzales, 495 F.3d 553, 556 (8th Cir. 2007).[1] Applying this standard, we conclude the IJ's adverse credibility finding is supported by specific, cogent reasons to doubt Yann's credibility. See Gemechu v. Ashcroft, 387 F.3d 944, 947-48 (8th Cir. 2004) (holding an IJ's credibility findings are entitled to deference if supported by specific, cogent reasons). Yann's inconsistent testimony and suspect corroborating evidence support the IJ's finding. See Onsongo v. Gonzales,

---

[1]The Real ID Act of 2005, Pub.L. 109-13, includes a specific provision governing credibility determinations, 8 U.S.C. § 1158(b)(1)(B)(iii), but this provision applies only to applications made after May 11, 2005. Pub.L. 109-13, § 101(h)(2). Yann made his application before that date, so the new statute does not apply.

457 F.3d 849, 853 (8th Cir. 2006). The IJ offered an adequate explanation for her finding Yann was not credible.  The record does not compel a contrary conclusion.

III

Accordingly, the petition for review is denied.

_____